UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAN POYA, | CASE NO. C25-2576JLR |
| Petitioner, | ORDER |
| v. | |
| KRISTI NOEM et al, | |
| Respondents. | |

## I.    INTRODUCTION

Before the court is Petitioner Aman Poya's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and request for injunctive relief.  (Pet. (Dkt. # 2); Reply (Dkt. # 15).)  Respondents  United States Attorney General Pamela Bondi, United States Department of Homeland Security ("DHS") Secretary Kristi Noem, , United States Citizenship and Immigration Services ("USCIS"), and Acting Director of the Seattle Field Office of United States Immigration and Customs Enforcement ("ICE") Laura

ORDER - 1

Hermosillo (together, "Respondents") oppose the petition. (Resp. (Dkt. # 10).) The court has considered the petition, the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS Mr. Poya's petition.

## II.    BACKGROUND

Mr. Poya is a citizen of Afghanistan presently detained at the Northwest Immigration Processing Center in Tacoma, Washington. (Pet. at 2, 5.) On December 30, 2024, United States Customs and Border Patrol ("CBP") encountered Mr. Poya in the Nogales, Arizona area and determined that he had entered the United States without inspection or admission. (*See* Douglas Decl. (Dkt. # 11) ¶ 5; *see also* Record of Deportable Alien (Dkt. # 12-1) at 2-3.) CBP took custody of Mr. Poya and placed him in expedited removal proceedings, charging him as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(l). (Douglas Decl. ¶ 5; *see also* Order of Expedited Removal (Dkt # 12-2).) He is now subject to a final order of removal. (*See* Pet. at 5; *see also* Order of Expedited Removal.)

Mr. Poya left Afghanistan a few months after its government collapsed in 2021 and represents that (1) Taliban fighters sought to execute him for his work with the former Afghan government and status as a member of the Hazara ethnic minority group and (2) beat his mother and father to obtain information about his whereabouts. (*See* Pet. at 6-7; *see generally* Mir Hussain Decl. (Dkt. # 2-2) (describing the Taliban's threats and acts of violence towards Mr. Poya and his family).) On January 10, 2025, Mr. Poya claimed fear of return to Afghanistan and USCIS later conducted a credible fear interview. (*See* Douglas Decl. ¶¶ 6-7.) On February 2, 2025, USCIS issued a negative

finding of credible fear, a finding that an immigration judge later affirmed on appeal.  (*Id.* ¶¶ 8-10.)  In September 2025, ICE requested a travel document to facilitate Mr. Poya's transportation to Afghanistan.  (*Id.* ¶ 11.)  In October 2025, ICE completed the pre-removal records checks and completed a Certificate of Identity for Mr. Poya to facilitate his transportation to Afghanistan.  (*Id.* ¶¶ 13-14.)  Respondents represent that as of October 31, 2025, removal of Mr. Poya was pending issuance of a travel letter from the Afghan government.  (*Id.* ¶¶ 15, 18.)

On December 16, 2025, Mr. Poya filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C § 2241.  (*See* Pet.)  He asserts that his detention violates the Administrative Procedure Act ("APA"); the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231, and its implementing regulations; the Fifth Amendment's Due Process Clause; the Eighth Amendment; and the Convention Against Torture ("CAT").  (*Id.*)  Mr. Poya's petition is now fully briefed and ripe for review.

### III.   ANALYSIS

**A.   The Legal Standard for Detention of a Noncitizen During Immigration Proceedings.**

Section 1225(b) of the INA – under which Mr. Poya is detained – unambiguously authorizes detention pending resolution of removal proceedings and does not plausibly suggest a 6-month limitation or periodic bond hearings.  *Jennings v. Rodriguez*, 583 U.S. 281, 297, 303 (2018); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (providing that once an immigration officer determines that an arriving noncitizen "is inadmissible[,]" "the officer [must] order the [noncitizen] removed from the United States without further

ORDER - 3

hearing or review"); 8 U.S.C. § 1182(a)(7); *Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1168 (W.D. Wash. 2023) ("The Attorney General [has] interpreted 8 U.S.C. § 1225(b)(1)(B)(ii) to require mandatory detention without bond hearings for asylum seekers who were initially subject to expedited removal but later transferred to full removal proceedings after establishing a credible fear.") (citation omitted).

Nevertheless, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Consequently, "'[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'" *Toktosunov v. Wamsley*, C25-1724TL, 2025 WL 3492858, at *4 (W.D. Wash Dec. 5, 2025) (so finding after petitioner's 16-month detention) (compiling cases). Because neither the Supreme Court nor the Ninth Circuit have settled on a test for assessing the constitutionality of prolonged mandatory detention, courts in this District consider the factors set forth in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1117 (W.D. Wash. 2019) to determine when detention violates due process:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

ORDER - 4

*Banda*, 385 F. Supp. 3d at 1117 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019)).

**B.    The Court Orders Respondents to Provide Mr. Poya a Bond Hearing.**

Mr. Poya does not dispute that (1) the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) does not require DHS to limit his detention period to six months or (2) he is subject to mandatory detention pursuant to § 1225(b).  (*See generally* Reply.)  Rather he argues that (1) such "detention cannot be indefinite" and (2) the court should order a bond hearing within 14 days.  (*See id*. at 1, 3.)  The court agrees because the *Banda* factors support requiring Respondents to grant Mr. Poya a bond hearing. Here, (1) DHS has detained Mr. Poya in excess of 12 months, (*see* Reply at 2); (2) Mr. Poya's future lengthy detention is likely as Respondents concede that they have been waiting for a "travel letter from the Afghan[] government [since] October 31, 2025[,]" (Resp. at 3); (3) Mr. Poya is imprisoned; (4) Respondents concede that Mr. Poya has not "intentionally delayed the expedited removal process[,]" (Resp. at 7); (5) DHS delayed Mr. Poya's removal proceedings, (*see* Resp. at 3 (providing that DHS did not complete the administrative steps to remove Mr. Poya—namely completing pre-removal records checks and obtaining a Certificate of Identity—until 11 months after first detaining him)); and (6) there is already a final order of removal, (*see* Order of Expedited Removal).

The court find that the factor pertaining to Mr. Poya being subject to a final order of removal is neutral and the other five factors weigh in Mr. Poya's favor.  The court thus finds that Mr. Poya's detention has become unreasonable, "and that due process requires

ORDER - 5

the Government to provide him with a bond hearing." *Banda*, 385 F. Supp. 3d at 1120; *see Toktosunov*, 2025 WL 3492858, at *6.

**C.    Mr. Poya's Claims Related to Third Country Removal are not Ripe.**

In addition to asserting that his detention is unlawful, Mr. Poya brings claims based on the prospect that Respondents may attempt to remove him to a third country. (Pet. at 17-19.)  Although a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the proper mechanism to challenge the legality of Mr. Poya's detention pending removal, it is not the appropriate mechanism to bring claims that are speculative or otherwise not ripe for review.  (*See generally id*. (showing that Mr. Poya provides no evidence that Respondents intend to remove him to a third courty); *see also* Resp. at 8 ("ICE is not currently seeking to remove [Mr. Poya] to a third country other than Afghanistan.") (citing Douglas Decl. ¶ 17)); *see also Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580 (1985) (holding that the basic rationale of the ripeness doctrine is to "prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements"); *see also Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (holding that district courts properly decline to issue advisory opinions or to declare rights in hypothetical cases rather than live cases or controversies).

## IV.    CONCLUSION

For the reasons set forth above, the court GRANTS Mr. Poya's petition for writ of habeas corpus (Dkt. # 2) and ORDERS as follows:

ORDER - 6

(1) Respondents SHALL hold a bond hearing for Mr. Poya **within 14 calendar days** of the date of this Order.  In the event that bond is granted, Respondents are ORDERED to immediately release Mr. Poya.

(2) If the individualized bond hearing is not conducted by **February 19, 2026,** Respondents SHALL immediately release Mr. Poya under appropriate conditions of release, until it is determined that his detention is warranted under the INA and is in accordance with this Order.

(3) Respondents are ENJOINED from continuing to detain Mr. Poya after February 19, 2026, in violation of the law or in contravention of this Order.

(4) Mr. Poya and the United States SHALL file a status report on the status of Mr. Poya's bond hearing no later than February 19, 2026.  The status report SHALL detail if and when the bond hearing occurred, if bond was granted or denied and, if denied, the reasons for that denial.

(5) Mr. Poya's request for an order that Respondents not remove him from this District while this case is pending (Pet. at 1) is DENIED as moot.

Dated this 29th day of January, 2026.

_____
JAMES L. ROBART
United States District Judge

ORDER - 7