UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAN POYA, | CASE NO. C25-2576JLR |
| Petitioner, | ORDER |
| v. | |
| PAMELA BONDI, et al., | |
| Respondents. | |

Before the court is Petitioner Aman Poya's motion for reconsideration of the court's January 29, 2026 Order and Judgment. (Mot. (Dkt. # 18); Reply (Dkt. # 22); 1/29/26 Order (Dkt. # 16); Judgment (Dkt. # 17).) The Government[1] opposes the motion. (Resp. (Dkt. # 21).) The court has considered the parties' submissions, the relevant

---

[1] The Federal Respondents are Pamela Bondi, United States Attorney General; MarkWayne Mullin, Secretary of the Department of Homeland Security ("DHS"); United States Immigration and Customs Enforcement ("ICE"); and Laura Hermosillo, Acting Field Office Director for the Seattle Field Office of ICE (together, the "Government").

ORDER - 1

portions of the record, and the governing law.  Being fully advised, the court GRANTS Petitioner's motion.

On January 29, 2026, the court issued an order and judgment denying Petitioner's habeas petition, in pertinent part, because it determined that "Section 1225(b) of the INA – under which Mr. Poya is detained – unambiguously authorizes detention pending resolution of removal proceedings and does not plausibly suggest a 6-month limitation or periodic bond hearings." (1/29/26 Order at 3.)  The court further ordered that the Government hold a bond hearing for Petitioner within 14 calendar days of the date of the order. (*Id*. at 7.)  According to the parties' joint status report,  the immigration court held a bond hearing for Petitioner on February 10, 2026. (2/19/26 JSR (Dkt. # 19).)  The IJ denied Petitioner's request for bond and conditional release because he determined that Petitioner was a flight risk and had an insufficient ability to pay a bond. (*Id*.)  On February 17, 2026, Petitioner moved for reconsideration of this court's January 29, 2026 order and judgment. (Mot.)  The court subsequently ordered the Government to respond to Petitioner's motion. (2/20/26 Order (Dkt. # 20).)  On February 27, 2026, the Government filed a response. (Resp.)  On March 6, 2026, Petitioner filed a reply. (Reply.)  The motion is now fully briefed and ripe for the court's consideration.

A motion for reconsideration is an "extraordinary remedy, to be used sparingly[.]" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "Indeed, 'a motion for reconsideration [of a court's prior order] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the

ORDER - 2

controlling law.'" *Id*. (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  Although motions for reconsideration are generally "disfavored[,]" courts in this District grant such motions upon a "showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence."  Local Rules W.D. Wash. LCR 7(h)(1).

Here, the court finds good cause to amend its prior order and judgment.  The court erred in its determination that Petitioner is detained under 8 U.S.C. § 1225(b).  (*See* 1/29/26 Order at 3.)  Rather, Petitioner is detained under 8 U.S.C. § 1231(a) and thus is not subject to mandatory detention.  The court sets forth its reasoning below.

In reaching this conclusion, the court adopts the Honorable Kymberly K. Evanson's reasoning in *Bhandari v. Bondi*, No. C25-2747KKE, 2026 WL 369403, at *3-4 (W.D. Wash. Feb. 10, 2026).  The facts of the instant case and *Bhandari* are undeniably similar.  In *Bhandari*, an immigration judge affirmed an asylum officer's negative credible fear finding and ordered petitioner removed from the United States.  *Id*. at *1.  After eight months of detention at the Northwest ICE Processing Center in Tacoma, Washington, the petitioner filed a habeas petition seeking release from immigration detention.  *Id*.  The *Bhandari* court granted the habeas petition because, in pertinent part, the petitioner was subject to a final order of removal and, as a result, § 1231(a) governed his detention.  *Id*. at *3.  The *Bhandari* court relied on the Ninth Circuit's decision in *Rodriguez Diaz v. Garland*, which held that "[o]nce [a noncitizen] has a final removal order that is not subject to a judicial stay, detention authority shifts

to 8 U.S.C. § 1231(a)."  53 F.4th 1189, 1197 (9th Cir. 2022); *see also Bhandari*, 2026 WL 369403 at *3 ("Now that [the petitioner's] § 1225(b)(1) proceedings have ended, so too does his detention under § 1225(b)." (citing *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Once those proceedings end, detention under § 1225(b) must end as well."))).

Here, as in *Bhandari*, an IJ affirmed an asylum officer's negative credible fear determination and ordered Petitioner removed from the United States.  (*See* Douglas Decl. (Dkt. # 11) ¶¶ 6-10.)  Thus, at the time Petitioner became subject to a final order of removal, § 1231(a) governed his detention.  *Rodriguez Diaz*, 53 F.4th at 1197; *see also Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody. § 1231(a)(2).  Subsequently, as the post-removal-period statute provides, the Government 'may' continue to detain an alien who still remains here or release that alien under supervision. § 1231(a)(6).").  Therefore, the court concludes that it erred when it determined that Petitioner was detained pursuant to § 1225(b).  (1/29/26 Order at 3.)

The Government's arguments to the contrary lack merit.  The Government asserts that the court should deny the motion because Petitioner fails to show (1) new legal authority or an intervening change in case law or (2) that the court's original determination constitutes manifest error.  (*See generally* Resp.)  In so arguing, the Government misapplies the legal standard that governs motions of this nature.  First, the Government asserts that, because *Bhandari* is not "binding authority[,]" the court is not obligated to follow its conclusion.  (Resp. at 3.)  Legal authority, however, need not be binding for the court to consider it in this context.  *See* Local Rules W.D. Wash. LCR

7(h)(1) (including no such requirement). It is undisputed that Judge Evanson's order, and the orders of other courts in this District, constitute legal authority. (Resp. at 3; Reply at 1.) Furthermore, that this court's order preceded Judge Evanson's order is sufficient to establish that Judge Evanson's order is "legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1).

The Government also takes issue with Petitioner's assertion that *Bhandari* "relied on" *Rodriguez Diaz v. Garland* when it determined that the petitioner was detained under § 1231(a). (Resp. at 3-4.); 53 F.4th 1189, 1197-98 (9th Cir. 2022). This dispute, however, is not material to the motion currently before the court. It is incontestable that *Bhandari* cites *Rodriguez Diaz* to support its conclusion that once a noncitizen is subject to a final order of removal that is not subject to a judicial stay, "detention authority shifts to 8 U.S.C. § 1231(a)." *Bhandari*, 2026 WL 369403 at *2 (citing *Rodriguez Diaz*, 53 F.4th at 1197-98). Indeed, *Bhandari* explicitly relies on *Rodriguez Diaz* to distinguish between an "applicant for admission" and a noncitizen subject to a final order of removal and observes that "Respondents' argument would carry the day if [the petitioner] were still an 'applicant for admission' subject to procedures govern by § 1225(b)[.]" *Id.* This contention is further supported by the Supreme Court's holding in *Jennings v. Rodriguez*, which states that § 1231(a) "authorizes detention of [noncitizens] who have already been ordered removed from the country." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018). Thus, the court declines to deny the motion on this basis.

The Government also asserts unpersuasively that the court's original determination does not constitute manifest error.  The Government contends that Petitioner fails to meet his burden to show that the court's order constitutes manifest error because the Government "never conceded or argued that [Petitioner] was subject to an administratively final order of removal under Section 1231(a)" and, instead, "raised the *Banda* factors to weigh the constitutionality of Petitioner's detention." (Resp. at 4.)  The Government, however, is wrong.  The court is not limited to the parties' original arguments and authority when it considers whether it erred in a prior ruling.  *Kona*, 229 F.3d at 890 (setting the applicable legal standard for a court to grant a motion for reconsideration).  That the parties did not explicitly assert the correct legal standard in their original briefing is immaterial to the court's analysis on a motion for reconsideration.  Rather, manifest error exists if the court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).  Indeed, the Government argues in its response that "[a]s a federal district court, this Court must follow the decisions of the United States Supreme Court and the Ninth Circuit of Appeals as binding, controlling authority." (Resp. at 3 (citation omitted).)  That is precisely what the court intends to do here.  As illuminated by *Bhandari*, both the Ninth Circuit and the Supreme Court have held that noncitizens subject to final orders of removal are not considered "applicants for admission" and, instead, are detained pursuant to § 1231(a). *Bhandari*, 2026 WL 369403 at *2 (citing *Jennings*, 583 U.S. at 297, *Rodriguez Diaz*, 53 F.4th at 1197-98).  Thus,

ORDER - 6

because Petitioner is subject to a final order of removal that is not subject to a judicial stay, the court concludes that Petitioner is detained pursuant to § 1231(a).

In *Zadvydas v. Davis*, the Supreme Court stated that, pursuant to § 1231(a), "[w]hen [a noncitizen] has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the [noncitizen's] removal during a subsequent 90-day statutory 'removal period,' during which time the [noncitizen] normally is held in custody." 533 U.S. at 682. During the 90-day removal period, the Government "shall detain" the noncitizen. 8 U.S.C. § 1231(a)(2)(A). Following the conclusion of the 90-day removal period, the Government may continue to detain certain noncitizens. *Id*. § 1231(a)(6). A noncitizen ordered removed who is inadmissible, removable, or "who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period[.]" *Zadvydas*, 533 U.S. at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701. When a noncitizen challenges prolonged detention under § 1231, the noncitizen bears the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. If the noncitizen makes such a showing, the Government "must repond with evidence sufficient to rebut that showing." *Id*. If the Government cannot rebut that showing, then the noncitizen must be released from detention. *See Jennings*, 583 U.S. at 299.

Here, the Government has held Petitioner in federal custody since United States Customs and Border Patrol encountered him in the Nogales, Arizona area on December

ORDER - 7

30, 2024.  (*See* 1/29/26 Order at 2 (citing Douglas Decl. (Dkt. # 11) ¶ 5).)  In his original petition, Petitioner asserted that the Government cannot satisfy its burden to show a likelihood of removal in the imminent future.  (*See* Pet. (Dkt. # 2) at 7.)  Specifically, Petitioner adduced evidence showing that Afghanistan is in the middle of a civil war.  (*Id.* (citing *Samir v. Wolf*, No. 25-CV-01397, 2025 WL 2845646, at *1 (W.D. La. Oct. 6, 2025).)  The burden thus shifted to the Government to respond with evidence sufficient to rebut Petitioner's showing.  *Zadvydas*, 533 U.S. at 701.  In response, the Government represented that it had completed pre-removal records checks and a Certificate of Identity for Petitioner and was awaiting a travel document to remove him to Afghanistan.  (*Id.* (citing Douglas Decl. ¶¶ 13-15, 18).)  This, however, is insufficient to rebut Petitioner's evidence.  Indeed, despite detaining Petition for approximately 15 months, the Government has not been able to effectuate Petitioner's removal.  The Government may not hold Petitioner in detention indefinitely while it awaits travel documents from Afghanistan.  Petitioner is entitled to relief under *Zadvydas*, and the court will grant his habeas petition.

In so holding, the court rejects the Government's assertion that, given his unsuccessful bond hearing on February 10, 2026, Petitioner is not entitled to move for reconsideration of the court's prior order and judgment. (Resp. at 6-7.)  The Government cites no legal authority to support such an assertion.  (*See generally* Resp.)  Furthermore, the order of the immigration court as to bond is not binding on this court and, thus, cannot limit Petitioner's right to move the court to reconsider its prior order and judgment.

ORDER - 8

Consequently, the court ORDERS as follows:

(1) The motion for reconsideration (Dkt. # 18) is GRANTED;

(2) The court amends its prior order (Dkt. # 16) such that the petition for a writ of habeas corpus (Dkt. # 3) is GRANTED;

(3) Respondents SHALL release Petitioner Aman Poya from detention within FORTY-EIGHT (48) hours;

(4) Within SEVENTY-TWO (72) hours of this Order, Respondents SHALL file with the court a status report confirming that Petitioner has been released from custody and informing the court of the date and time of his release.

Dated this 1st day of April, 2026.

_____
JAMES L. ROBART
United States District Judge

ORDER - 9